UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

ALLEN R. ROBINSON and :
IMANI HEALTH INSTITUTE, INC., :
   :
    Plaintiffs, :
   :
    v. :
   :
PAUL JARRIS, individually : File No. 1:07-CV-265
and as Health Commissioner :
for the State of Vermont, :
SHARON MOFFATT, individually :
and as Health Commissioner :
for the State of Vermont, and :
WILLIAM APAO, Director, :
Division of Surveillance, :
Vermont Department of Health, :
   :
    Defendants. :

RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Paper 39)

I.    Introduction

Plaintiffs Allen R. Robinson and Imani Health Institute, Inc. bring this action against Paul Jarris, Sharon Moffatt, and William Apao under 42 U.S.C. § 1983 for deprivation of federal constitutional rights. The claims arise from alleged adverse actions against Plaintiffs perpetrated by Defendants after Plaintiffs filed a complaint with the Vermont Human Rights Commission (HRC) complaining of discriminatory treatment by the Vermont Department of Health (VDH). The individual Defendants, each a current or former VDH official, moved for summary judgment. (Paper 39.) In a

1

September 17, 2009 Order, this Court denied Defendants' motion in part, holding Plaintiffs demonstrated issues of material fact remained regarding three alleged adverse actions. (Paper 75.) The Court declined to decide whether any Defendant is entitled to qualified immunity. The parties submitted additional briefing on the issue on October 9, 2009. (Papers 76, 77.) For the following reasons, the Court finds Defendant Jarris is entitled to qualified immunity and Defendants Moffatt and Apao are entitled to qualified immunity with regard to certain of Plaintiffs' claims.

II.     Discussion

The facts of this case are detailed in the September 17 Order (Paper 75), familiarity with which is presumed. The doctrine of qualified immunity shields government officials from liability for civil damages that arise from conduct within the scope of official duty if their conduct does not violate a right "clearly established" at the time of the conduct and of which a reasonable person would have known. Pearson v. Callahan, 129 S. Ct. 808, 815 (2009). The Court may first determine whether the alleged facts, viewed in the light most favorable to the party asserting the injury, show the officer's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201 (2001). If so, the Court must then decide whether the right was clearly established.[1] Id.

A right is clearly established if its "'contours [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Velez

---

[1] The Supreme Court recently held in Pearson, 129 S. Ct. at 821, the Saucier two-step sequence need not be followed in certain situations; instead, courts may begin with the "clearly established" step. See Dean v. Blumenthal, 577 F.3d 60, 67-68 (2d Cir. 2009).

2

v. Levy, 401 F.3d 75, 100 (2d Cir. 2005) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). Courts in the Second Circuit also consider whether (1) the right was defined with reasonable clarity, (2) the Supreme Court or Second Circuit has recognized the right; and, (3) a reasonable defendant would have understood from existing law that his conduct was unlawful. Anderson v. Recore, 317 F.3d 194, 197 (2d Cir. 2003) (internal quotation and citation omitted). "Ultimately, the question is not what a lawyer would learn or intuit from researching case law, but what a reasonable person in the defendant's position should know about the constitutionality of the conduct." Velez, 401 F.3d at 100 (internal quotation and citation omitted).

    A.    The Right at Issue is Clearly Established

Defendants argue the right is not clearly established because the law defining what constitutes a matter of public concern was "less than clear." (Paper 76 at 2 (citing Sousa v. Roque, 578 F.3d 164, 166, 169, 173 (2d Cir. 2009).) Generally, public employees' right to be free from retaliation for the content of their speech on matters of public importance has been clearly established since at least 1968. Munafo v. Metro. Transp. Auth., 285 F.3d 201, 211 (2d Cir. 2002). It has been clearly established since at least 1996, that independent contractors' First Amendment retaliation claims are analyzed the same as those of public employees. Bd. of County Comm'rs v. Umbehr, 518 U.S. 668, 673, 677-79 (1996). Defendants point to the Second Circuit's recent Sousa v. Roque, 578 F.3d 164 (2d Cir. 2009) decision, in which the court noted "our precedents on what constitutes 'a matter of public concern,' and particularly, the extent to which a court

3

may take into account the speaker's motives when making that determination, are less than clear," id. at 166, 169, as support for their argument. (Paper 76 at 2-3.) As discussed in the Court's prior Ruling, proving the speech at issue is a matter of public concern is a requirement for a successful First Amendment retaliation claim. (Paper 75 at 7-9.)

The Sousa court "reaffirmed" a prior holding that "a speaker's motive is not dispositive in determining whether his or her speech addresses a matter of public concern." Sousa, 578 F.3d at 173 (citing Reuland v. Hynes, 460 F.3d 409, 415 (2d Cir. 2006)). The Reuland decision was rendered after the events at issue in this case, and therefore could not be the basis for "clearly established" law because the Court must make that determination "by reference to the case law extant at the time of the violation." In re County of Erie, 546 F.3d 222, 229 (2d Cir. 2008). The Reuland court, in turn, relied on the Supreme Court decision in Connick v. Myers, 461 U.S. 138 (1983), to discern that "motive is not dispositive as to whether an employee's speech is a matter of public concern." Because Connick was decided in 1983, and is binding on the courts of the Second Circuit, this Court finds that Sousa is not an indication that First Amendment retaliation law was not clearly established. Instead, the standard for determining whether speech is a matter of public concern -- analysis of the content, form, and context of a statement, in light of the whole record, Connick, 461 U.S. at 147-48 -- has been clearly established since well before the events at issue here.

The Second Circuit statement which confused the issue was: "The heart of the matter is whether the employee's speech was 'calculated to redress personal grievances or whether it had a broader public purpose.'" Ruotolo v. City of New York, 514 F.3d 184, 189 (2d Cir. 2008) (quoting Lewis v. Cowen, 165 F.3d 154, 163-64 (2d Cir. 1999)). The Lewis court stated the well-known Connick standard for determining whether speech is a matter of public concern before noting that the court should focus on a speaker's motive. Defendants' argument is unavailing because the Ruotolo decision -- which added the language, "the heart of the matter" -- was not decided until well after the events at issue. Thus, the Connick standard was well-established at the time of Defendants' alleged conduct. A reasonable person in each of Defendants' positions would have known that allegations of racial and gender discrimination in an HRC complaint are a matter of public concern and retaliating against Plaintiffs for such an HRC complaint would be unconstitutional. See Velez, 401 F.3d at 100.

  B. Reduction of VDH Grant & Elimination of Funding for DOC Projects

Plaintiffs have sufficiently demonstrated Defendant Apao's involvement in two adverse actions. See Paper 75 at 14-15. If it is true, as asserted by Plaintiffs, that Defendant Apao acted deliberately to reduce Plaintiffs' VDH grant amount and eliminate funding for DOC projects in retaliation for their HRC complaint, Apao cannot avail himself of qualified immunity. See Brown v. City of So. Burlington, No. 1:01-CV-318, 2005 WL 2000716, at *4 (D. Vt. Aug. 18, 2005) (where retaliatory intent is an element, the claim cannot be dismissed on qualified immunity grounds until the issue is

5

resolved by a factfinder).  Accordingly, the Court finds, at this stage in the proceedings, Defendant Apao is not entitled to qualified immunity with regard to these adverse actions.

Plaintiffs have also sufficiently alleged Defendant Sharon Moffatt was involved in the decision which resulted in the reduction of Plaintiffs' VDH grant amount. (Paper 77-3 at 6.)  Because Moffatt was involved in the September 2004 meeting with Robinson, (Paper 77-5 at 2-3), a jury could infer a causal connection between the resulting protected speech in the HRC complaint and the alleged adverse action of reducing Plaintiffs' VDH grant amount.  If it is true, as Plaintiffs assert, that Moffatt acted deliberately to reduce Plaintiffs' VDH grant amount in retaliation for their complaint to the HRC, Moffatt cannot avail herself of qualified immunity.  See Brown, 2005 WL 2000716, at *4.  Conversely, Plaintiffs fail to allege facts sufficient to show Moffatt was involved in the elimination of funding for DOC projects.  Accordingly, Moffatt is entitled to qualified immunity with regard to that adverse action. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) (a plaintiff must show each § 1983 defendant, through his or her "own individual actions, has violated the Constitution").

The allegations and facts Plaintiffs present concerning Defendant Jarris are minimal.  See Paper 75 at 2-5.  Plaintiffs have made no allegations or pointed to facts that connect Dr. Jarris to either the adverse action of reducing Plaintiffs' VDH grant amount or eliminating their funding for DOC projects.  Accordingly, Defendant Jarris is

entitled to qualified immunity with regard to those adverse actions. See Iqbal, 129 S. Ct. at 1948.

    C.    <u>Publication of HRC Complaint</u>

Defendants are each entitled to qualified immunity regarding the adverse action of publication of the HRC complaint to other funding organizations because the alleged facts, viewed in the light most favorable to Plaintiffs, do not show Paul Jarris, Sharon Moffatt, or William Apao were involved in sending the email. See Papers 50, 72-13; Iqbal, 129 S. Ct. at 1948.

III.    Conclusion

Defendants' Motion for Summary Judgment (Paper 39) is DENIED in part and GRANTED in part. Defendant Apao is entitled to qualified immunity with regard to the adverse action of publication of the HRC complaint. Defendant Moffatt is entitled to qualified immunity with regard to the adverse actions of publication of the HRC complaint and elimination of the DOC funding.[2] Defendant Jarris is entitled to qualified immunity with regard to all three alleged adverse actions.

The claims remaining are the official capacity claims brought under 42 U.S.C. § 1983 seeking injunctive relief and the § 1983 individual capacity claims against Defendants Apao -- for the alleged adverse actions of reducing the VDH grant and

---

    [2]    Of course, should the disputes of fact pertaining to Plaintiffs' First Amendment retaliation claims eventually be resolved in Defendant Apao's or Moffatt's favor, a finding of qualified immunity may be appropriate.

eliminating the DOC funding -- and Moffatt -- for the alleged adverse action of reducing the VDH grant.

This case shall be placed on the first trial calendar after February 15, 2010.

The parties are ordered to conduct a second early neutral evaluation with Attorney Cassidy now that the summary judgment motion has been resolved and the case is ready for trial. In this session, the parties shall submit evaluation statements in accordance with the local rules.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 30th day of December, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Martha
Senior United States District Judge