UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| ALLEN R. ROBINSON, | : |
|       Plaintiff, | : |
| v. | :   File No. 1:07-cv-00265-jgm |
| WENDY DAVIS, officially as Health Commissioner for the State of Vermont, and WILLIAM APAO, individually and officially as Director, Division of Surveillance, Vermont Department of Health, | : |
|       Defendants. | : |

RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Doc. 114)

I.   Introduction

Plaintiff Allen R. Robinson (Robinson), pro se, brings this action against Wendy Davis, in her official capacity as Health Commissioner, and William Apao, in his official and individual capacity as Director, Division of Surveillance, (collectively, defendants), under 42 U.S.C. § 1983 for deprivation of federal constitutional rights.  The claims arise from alleged adverse actions against Robinson and Imani Health Institute, Inc. (Imani) (collectively, plaintiffs) perpetrated by defendants after plaintiffs' filed a complaint with the Vermont Human Rights Commission (HRC) complaining of discriminatory treatment by the Vermont Department of Health (VDH).  Imani's claims were dismissed without prejudice in June 2010.  Doc. 112 (text only order).  Defendants now move for summary judgment arguing Robinson does not have standing to assert the

corporate claims of Imani.  Doc. 114.  For the reasons set forth below, Defendants' Motion for Summary Judgment is denied in part.

II.   Background

Imani is a non-profit organization whose mission is to assist persons of color or low income with their health needs.  Doc. 96 ¶ 6, at 2.  Allen Robinson is the executive director of Imani.  Id. at ¶ 3.  The facts of this case are detailed in this Court's September 17, 2009 Order, Doc. 75, familiarity with which is presumed.

III.   Discussion

The Second Circuit encourages courts to act with "special solicitude" in cases involving a pro se party.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  Such solicitude, however, focuses on construing pleadings and other submissions.  Id.  Mr. Robinson is hereby on notice that a pro se litigant is "not exempt [] from comply[ing] with relevant rules of procedural and substantive law."  Id. (internal citation omitted).

Summary judgment is appropriate only where the parties' submissions show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; see also, e.g., Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The burden of demonstrating the absence of a genuine issue of material fact rests upon the party seeking summary judgment.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Once a properly supported motion for summary judgment has been made, the burden shifts to the nonmoving party to set out specific facts showing a genuine issue for trial. The Court must view the record in the light most favorable to the non-moving party, Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006), and resolve ambiguities and draw inferences in favor of the non-moving party, Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006) (internal citation omitted). Summary judgment should be granted "only when no rational trier of fact could find in favor of the non-moving party." Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000).

Defendants' motion relies exclusively on Domino's Pizza, Inc. v. McDonald, 546 U.S. 470 (2006), as support for their argument that Mr. Robinson "lacks standing to assert the corporate claims of Imani." Doc. 114 at 3. Defendants argue that "[a]lthough the claims in Domino's were asserted under a different statute[1] than the claims in this case, the analysis is exactly the same," Doc. 114 at 4; accordingly, "the Court should conclude . . . the corporate form and the rules of agency deny the Plaintiff rights under the contract, including the right, as an individual, to assert a claim belonging to the corporation." Id. at 5; see, e.g., Domino's Pizza, 546 U.S. at 477 ("[I]t is fundamental corporation and agency

---

[1] The claim was brought under the "make and enforce contracts" clause of 42 U.S.C. § 1981. The issue was "whether a plaintiff who lacks any rights under an existing contractual relationship with the defendant . . . may bring suit under [] 42 U.S.C. § 1981." 546 U.S. at 473. Domino's narrow holding "merely requires that where a contract is the basis of the § 1981 claim, a plaintiff must have rights to assert under that contract." Moonblatt v. District of Columbia, 572 F. Supp. 2d 15, 25 (D.D.C. 2008) (citation omitted).

3

law . . . that the shareholder and contracting officer of a corporation has no rights and is exposed to no liability under the corporation's contracts.").

Standing is a federal jurisdictional question "determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). "A plaintiff must demonstrate standing for each claim and form of relief sought." Baur v. Veneman, 352 F.3d 625, 642 n.15 (2d Cir. 2003). To satisfy Article III standing, a plaintiff must show (1) injury in fact; (2) causation; and (3) redressability. Sprint Commc'ns Co. v. APCC Servs., Inc., 128 S. Ct. 2531, 2535 (2008). A shareholder lacks standing to bring a § 1983 action on behalf of a corporation in which she owns shares. Erlich v. Glasner, 418 F.2d 226, 228 (9th Cir. 1969). A shareholder, or officer or employee, does have standing, however, where he or she has been injured directly and independently of the corporation. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1318 (9th Cir. 1989) (citation omitted). The same conduct may result in injury to both the corporation and the individual. Gomez v. Alexian Bros. Hosp., 689 F.2d 1019, 1021 (9th Cir. 1983) (holding individual plaintiff had standing where he suffered injuries that were personal to himself and distinct from any injuries suffered by the corporation). Asserting personal economic injury resulting from a wrong to a corporation is not sufficient. Soranno's Gasco, 874 F.2d at 1318.

This lawsuit was originally brought by Imani and Robinson as an individual. Defendants argue "Plaintiff did not, and could not, suffer any compensable damages arising out of an award or a failure to award [] grant money." Doc. 116 at 2. While

that may be true, the complaint alleges violations of First Amendment rights of both Imani and Robinson.  <u>See</u> Doc. 96.  Unlike the plaintiff in <u>Domino's</u>, who was not a party or a third-party beneficiary to the contracts that were the basis of his § 1981 claim, Robinson is asserting a § 1983 First Amendment retaliation claim on his own behalf.  Robinson alleges two separate personal injuries:  reduced personal earnings and emotional distress.  Doc. 96 ¶ 25, at 5.  The damage claim for reduced personal earnings is not cognizable as it is derivative of Imani's damage claims and Robinson's status as an employee.  <u>See</u> <u>Caravella v. City of New York</u>, 79 F. App'x 452, 453 (2d Cir. 2003) (affirming dismissal where plaintiff's alleged injuries were indirectly caused by harm to corporation and therefore were not "distinct" from those of the corporation).  Nonetheless, "one need not suffer monetary damage to prevail in an action for denial of civil rights."  <u>Chahal v. Paine Webber Inc.</u>, 725 F.2d 20, 24 (2d Cir. 1984) (citation omitted).  Robinson alleges he suffered emotional distress, Doc. 96 ¶ 25, at 5, which is cognizable.  <u>Soranno's Gasco</u>, 874 F.2d at 1319.  That this injury arose from the same conduct as the corporate injuries does not preclude a finding of direct and independent injury to Robinson for standing purposes.  <u>Gomez</u>, 689 F.2d at 1021.

     Accordingly, Robinson's claims withstand defendants' present motion for summary judgment.  Imani's claims have already been dismissed.  Robinson alleges the defendants' actions were taken in retaliation for Robinson's exercise of First Amendment rights and he suffered emotional distress as a result of the defendants' actions.  Going forward, Robinson must first prove the constitutional violations:  a

jury must determine he suffered an adverse employment action and that there is a causal connection between his speech and the action.  Doc. 75 at 10-11.  Second, to recover compensatory damages, he must prove he suffered emotional damages and how the constitutional deprivations caused his emotional distress.  See McCann v. Coughlin, 698 F.2d 112, 126 (2d Cir. 1983).

    IV.    Conclusion

For the above reasons, Defendants' Motion for Summary Judgment, Doc. 114, is DENIED in part.  Robinson's claim for damages based on reduced personal earnings is dismissed.  Since the defendants did not address the issue of whether Robinson can recover damages for emotional distress, the parties shall submit additional memoranda, not to exceed five pages, on or before November 5, 2010, limited to this issue.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 15th day of October, 2010.

/s/ J. Garvan Murtha  
Honorable J. Garvan Martha  
Senior United States District Judge