UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| ALLEN R. ROBINSON,<br><br>      Plaintiff,<br><br>      v.<br><br>WENDY DAVIS, officially as Health Commissioner for the State of Vermont, and WILLIAM APAO, individually and officially as Director, Division of Surveillance, Vermont Department of Health,<br><br>      Defendants. | :<br>:<br>:<br>:<br>:<br>:  File No. 1:07-cv-00265-jgm<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

OPINION AND ORDER
(Doc. 114)

I.  Introduction

Plaintiff Allen R. Robinson (Robinson), pro se, brings this action against Wendy Davis, in her official capacity as Health Commissioner, and William Apao, in his official and individual capacity as Director, Division of Surveillance, (collectively "Defendants"), under 42 U.S.C. § 1983 for deprivation of federal constitutional rights.  The claims arise from alleged adverse actions against Robinson and Imani Health Institute, Inc. (Imani) (collectively "Plaintiffs") perpetrated by Defendants after Plaintiffs filed a complaint with the Vermont Human Rights Commission (HRC) complaining of discriminatory treatment by the Vermont Department of Health (VDH).  Imani's claims were dismissed without prejudice in June 2010.  Doc. 112 (text only order).  Defendants moved for summary judgment arguing Robinson lacks standing to assert the corporate claims of Imani.  Doc. 114.  The Court denied the motion in part in an October 15, 2010 Order (October Order) but requested the parties provide additional memoranda on the issue of whether Robinson can recover damages for emotional distress, Doc. 117, and the parties obliged.  Docs. 119, 120.

II.     <u>Background</u>

Imani is a non-profit organization whose mission is to assist persons of color or low income with their health needs.  Doc. 96 ¶ 6, at 2.  Allen Robinson is the executive director of Imani.  <u>Id.</u> at ¶ 3.  The facts of this case are detailed in this Court's September 17, 2009 Order, Doc. 75, familiarity with which is presumed.

III.    <u>Discussion</u>

In the October Order, the Court found Robinson's action alleging First Amendment retaliation survived Defendants' motion for summary judgment with regard to standing.  Doc. 117 at 5.  Standing, however, merely requires a redressable injury that is fairly traceable to Defendants' conduct.  Whether Robinson can recover for that injury under a particular theory of liability is a separate question, i.e., the question the Court requested the parties brief in their additional memoranda.

Once a properly supported motion for summary judgment has been made, the burden shifts to the non-moving party to set out specific facts showing a genuine issue for trial.  While the Court views the evidence in the light most favorable to the non-moving party, there must be evidence to view.  As the Notice to Pro Se Litigant Opposing Motion for Summary Judgment, served on Robinson with Defendants' Motion for Summary Judgment as required by the Local Rules, notes: "Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint.  Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial." <u>See</u> Doc. 114-5 at 1.  The Court also warned Robinson in the October Order:  "Mr. Robinson is hereby on notice that a pro se litigant is 'not exempt [] from comply[ing] with relevant rules of procedural and substantive law.'"  Doc. 117 at 2 (citation omitted).

The Court, drawing inferences in Robinson's favor, found he alleged a personal claim for retaliation and therefore withstood Defendants' motion seeking dismissal on the grounds he lacked standing to pursue Imani's corporate claims.  See Doc. 117.  Emotional distress is the only remaining alleged injury for which Robinson could recover damages, Doc. 117 at 5:  "The reduction in revenue due to Imani and Robinson's petition to State Government of its differential treatment by Defendants has . . . caused him emotional distress."  Doc. 96 ¶ 25 at 5.  "Courts[, however,] generally do not allow personal actions based on 'emotional distress' deriving from 'economic damages . . . suffered by the corporation.'"  See Harpole Architects, P.C. v. Barlow, 668 F. Supp. 2d 68, 77 (D.D.C. 2009) (citations omitted).  Robinson has not come forward with any evidence demonstrating he has been injured directly and independently of the corporation.  See Doc. 117 at 4-5; see also Raishevich v. Foster, 247 F.3d 337, 343 (2d Cir. 2001) (noting plaintiff bears burden of persuasion with regard to entitlement to compensatory relief).  In the absence of such evidence, there is no genuine issue for trial because there is no damage to Robinson for which he can recover.  Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996) (the court's function at summary judgment stage is to determine whether there is a genuine issue of material fact to be tried).

IV.     Conclusion

For the above reasons, Defendants' Motion for Summary Judgment, Doc. 114, is granted and Robinson's remaining claims are dismissed.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 9th day of December, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Martha
Senior United States District Judge